2/24/2020 12:49 PM
18CV56926

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASCO

| | |
|---|---|
| JACOB EVAN WAKEMAN, by and through his Guardian Ad Litem, KRISTINA ENSBURY, <br><br> Plaintiff, <br><br> v. <br><br> JUSTIN L. GAIGE, CAINEN A. GAIGE, and ANDREUA S. KNIGHT, <br><br> Defendants. | Case No. 18CV56926 <br><br> FIRST AMENDED COMPLAINT (NEGLIGENCE; NEGLIGENT ENTRUSTMENT; NEGLIGENT SUPERVISION; PREMISES LIABILITY; PERSONAL INJURY) <br><br> TOTAL PRAYER - ECONOMIC DAMAGES: $200,000.00; NON-ECONOMIC DAMAGES: $2,800,000.00 |

COMES NOW Plaintiff Jacob Evan Wakeman (hereafter "Plaintiff"), by and through his guardian ad litem, Kristina Ensbury (hereafter "Ensbury"), and for his causes of action against Defendants Justin L. Gaige, Cainen A. Gaige, and Andreua S. Knight (collectively hereafter "Defendants"), alleges as follows:

**COMMON ALLEGATIONS**

1.

Plaintiff is a minor, who, at the time of the incident described herein, was 16 years of age and a resident of The Dalles, Wasco County, State of Oregon.

2.

Ensbury is the duly appointed and acting guardian ad litem for Plaintiff and has the authority to bring this action on Plaintiff's behalf.

/ / /

1 - FIRST AMENDED COMPLAINT

PEACHEY DAVIES & MYERS, PC
ATTORNEYS AT LAW
P.O. Box 2190 / 401 East 3rd Street, Ste.105
The Dalles, OR 97058
PH.: 541.296.6375; Fax: 877.625.4324; Email: gorgelaw@gorge.net

3.

Defendant Cainen A. Gaige (hereinafter "Cainen") was age 16 and a minor at the time of the events described herein, and is a resident of The Dalles, Wasco County, State of Oregon.

4.

Defendant Justin L. Gaige (hereinafter "Gaige") and Defendant Andreua Knight (hereinafter "Knight") were at all times the custodial parents of Cainen.

5.

Plaintiff, through Ensbury, has consented to the bringing of this claim against Defendants, to include claims for doctor, hospital, physical therapists, and other medical expenses pursuant to the provisions of ORS 31.700. A copy of the Consent is attached hereto and is incorporated herein as "Exhibit 1."

6.

At all times relevant to this action, Cainen resided with his custodial parents, Gaige and Knight, at 1524 Quinton Street, The Dalles, Wasco County, State of Oregon (hereinafter "residence"). The residence is owned by Gaige and Knight.

7.

On and before December 9, 2017, Gaige and Knight knew, or should have known, that a rifle, commonly referred to as an "AR-15" (hereinafter "AR-15 rifle") and corresponding clips and ammunition were located within the residence. Gaige and Knight knew, or should have known, that the AR-15 rifle was not safely secured and that Cainen had access to the AR-15 rifle.

8.

Gaige and Knight knew, or should have known, that it was dangerous for Cainen to have access to the AR-15 rifle based upon: 1) his lack of firearms training; 2) his status as a minor; 3) his

2 - FIRST AMENDED COMPLAINT

PEACHEY DAVIES & MYERS, PC
ATTORNEYS AT LAW
P.O. Box 2190 / 401 East 3rd Street, Ste.105
The Dalles, OR 97058
PH.: 541.296.6375; Fax: 877.625.4324; Email: gorgelaw@gorge.net

Exhibit J
Page 2 of 9

demonstrated inability to not use drugs; 4) his status as a convicted felon; and 5) his demonstrated inability to regulate his conduct and behavior.

9.

Some time prior to December 9, 2017, Gaige observed Cainen and Plaintiff handling the AR-15 rifle inside the residence. Gaige instructed Cainen to "get rid of" the AR-15 rifle, but Gaige took no further steps to ensure Cainen safely and responsibly disposed of the AR-15 rifle as instructed by Gaige. Cainen did not, in fact, comply with Gaige's instruction and the AR-15 rifle remained in the residence.

10.

On December 9, 2017, at approximately 1:00 p.m., Plaintiff and Cainen were inside the residence, where Gaige was also present. Plaintiff and Cainen were in Cainen's bedroom when Plaintiff picked up and handled a pair of "Ray-Ban" sunglasses belonging to Cainen, who became angry with Plaintiff for handling his sunglasses. Cainen pointed the AR-15 rifle at Plaintiff, jabbing it in and around Plaintiff's chest, throat, and mouth area. Cainen then discharged the AR-15 rifle. The bullet struck Plaintiff in the throat and upper arm, causing Plaintiff to sustain severe physical injuries.

11.

As a direct and proximate result of the negligence of Cainen, Plaintiff sustained the following injuries:

    a)    A through and through injury of the anterior neck;

    b)    An injury to the airway at the level of the thyroid cartilage;

    c)    Trauma to the soft tissue in the supraglottic airway; and

    d)    A gunshot wound to his right upper arm.

///

///

3 - FIRST AMENDED COMPLAINT

PEACHEY DAVIES & MYERS, PC
ATTORNEYS AT LAW
P.O. Box 2190 / 401 East 3rd Street, Ste.105
The Dalles, OR 97058
PH.: 541.296.6375; Fax: 877.625.4324; Email: gorgelaw@gorge.net

12.

As a further direct and proximate result of the negligence alleged above, Plaintiff was confined to a hospital for a substantial period of time and was compelled to employ physicians, surgeons, physical therapists, and other healthcare professionals, to perform operations on Plaintiff and to otherwise treat Plaintiff for his injuries, all to Plaintiff's economic damage in an amount of approximately $200,000.00. Plaintiff is informed and believes, and based upon that information and belief alleges, that it will be necessary for Plaintiff to incur additional future medical expenses.

13.

As a further direct and proximate result of the negligence as alleged above, Plaintiff suffered and continues to experience pain and suffering and has incurred a permanent vocal disability, all to Plaintiff's further damage in the sum of $2,800,000.00.

**FIRST CLAIM FOR RELIEF**

**AGAINST DEFENDANT CAINEN GAIGE**

(**Negligence**)

14.

Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 13, inclusive, as though specifically set forth herein.

15.

Cainen was negligent in one or more of the following particulars: a) by disengaging the safety on the AR-15 rifle when it was loaded; b) by pointing the AR-15 rifle at Plaintiff and by jabbing it in and around Plaintiff's chest, neck, mouth, and throat area; c) by engaging in horseplay with Plaintiff while holding the loaded AR-15 rifle; d) by discharging the AR-15 rifle when doing so would result in a bullet striking Plaintiff.

///

4 - FIRST AMENDED COMPLAINT

**PEACHEY DAVIES & MYERS, PC**
ATTORNEYS AT LAW
P.O. Box 2190 / 401 East 3rd Street, Ste.105
The Dalles, OR 97058
PH.: 541.296.6375; Fax: 877.625.4324; Email: gorgelaw@gorge.net

16.

As a result of the negligence of Cainen, Plaintiff has suffered the injuries and damages alleged in paragraphs 11 through 13.

**SECOND CLAIM FOR RELIEF**

**AGAINST DEFENDANTS GAIGE AND KNIGHT**

**(Negligent Entrustment)**

17.

Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 13, inclusive, as though specifically set forth herein.

18.

Gaige and Knight's knowledge that Cainen had access to the AR-15 rifle, and their failure to supervise or otherwise ensure that Cainen safely and responsibly disposed of the AR-15 rifle, constitutes Gaige and Knight's entrustment of the AR-15 rifle to Cainen.

19.

Due to Cainen's youth, inexperience, or otherwise, Gaige and Knight knew, or should have known, that entrusting the AR-15 rifle to Cainen constituted an unreasonable risk of physical harm to himself and others.

20.

As a result of Gaige and Knight's negligent entrustment of the AR-15 rifle to Cainen, Plaintiff suffered the injuries and damages alleged in paragraphs 11 through 13.

/ / /

/ / /

/ / /

5 - FIRST AMENDED COMPLAINT

PEACHEY DAVIES & MYERS, PC
ATTORNEYS AT LAW
P.O. Box 2190 / 401 East 3rd Street, Ste.105
The Dalles, OR 97058
PH.: 541.296.6375; Fax: 877.625.4324; Email: gorgelaw@gorge.net

## THIRD CLAIM FOR RELIEF

## AGAINST DEFENDANTS GAIGE AND KNIGHT

### (Negligent Supervision)

21.

Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 13, inclusive, as though specifically set forth herein.

22.

At all times mentioned in this Complaint, Cainen was under the control and supervision of Gaige and Knight.

23.

Plaintiff was a frequent visitor of the residence. For the reasons outlined in paragraphs 7 and 8 above, the harm Plaintiff incurred at the residence was foreseeable by Gaige and Knight, who were negligent in their failure to adequately supervise Cainen.

24.

Gaige and Knight's negligent supervision of Cainen resulted in injuries to Plaintiff as described in paragraphs 11 through 13 above.

## FOURTH CLAIM FOR RELIEF

## AGAINST DEFENDANTS GAIGE AND KNIGHT

### (Premises Liability)

25.

Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 13, inclusive, as though specifically set forth herein.

/ / /

6 - FIRST AMENDED COMPLAINT

PEACHEY DAVIES & MYERS, PC
ATTORNEYS AT LAW
P.O. Box 2190 / 401 East 3rd Street, Ste.105
The Dalles, OR 97058
PH.: 541.296.6375; Fax: 877.625.4324; Email: gorgelaw@gorge.net

26.

Plaintiff's status while visiting the residence on December 9, 2017, was that of a licensee. Plaintiff was at the residence as a social guest, with the expressed or implied consent of Gaige and Knight.

27.

Gaige and Knight failed to use reasonable care to protect Plaintiff from dangerous activities on the property, namely, Cainen's access to the AR-15 rifle, which created a foreseeable risk of harm to Plaintiff.

28.

As a result of Gaige and Knight's failure, Plaintiff suffered the injuries and damages alleged in paragraphs 11 through 13.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

1) For $200,000.00 as economic damages for expenses incurred for care and treatment that were required to be furnished to Plaintiff;
2) Future medical expenses in an amount to be determined at trial;
3) For $2,800,000.00 as further relief for Plaintiff's pain and suffering and partial loss of use of his vocal chords;
4) For such other further relief as the Court deems proper.

///
///
///
///

7 - FIRST AMENDED COMPLAINT

PEACHEY DAVIES & MYERS, PC
ATTORNEYS AT LAW
P.O. Box 2190 / 401 East 3rd Street, Ste.105
The Dalles, OR 97058
PH.: 541.296.6375; Fax: 877.625.4324; Email: gorgelaw@gorge.net

DATED this 24th day of February 2020.

        PEACHEY DAVIES & MYERS, P.C.

        s/ *Andrew J. Myers*
        Andrew J. Myers, OSB No. 094554
        amyers@gorgelaw.com
        Daniel C. Dziuba, OSB No. 754030
        dand@tdinjurylaw.com
        Helen C. Tompkins, OSB No. 872100
        tompkinslawfirm@gmail.com

        Of Attorneys for Plaintiff

        Trial Attorney:
        Andrew J. Myers, OSB No. 094554

**CERTIFICATE OF SERVICE**

I certify that I served a true copy of the foregoing *First Amended Complaint* on Defendants Justin L. Gaige and Andreua Knight, by mailing said copy to them at their address on file with the Court of **1524 Quinton Street, The Dalles, Oregon 97058,** pursuant to UTCR 5.010.

I further certify that a true copy of the foregoing *First Amended Complaint* was served upon Defendant Cainen Gaige by mailing to him also at **1524 Quinton Street, The Dalles, Oregon 97058.**

DATED this 24th day of February 2020.

        s/ *Andrew J. Myers*
        Andrew J. Myers, OSB No. 094554

8 - FIRST AMENDED COMPLAINT

PEACHEY DAVIES & MYERS, PC
ATTORNEYS AT LAW
P.O. Box 2190 / 401 East 3rd Street, Ste.105
The Dalles, OR 97058
PH.: 541.296.6375; Fax: 877.625.4324; Email: gorgelaw@gorge.net

Exhibit J
Page 8 of 9

## CONSENT TO SEEK MEDICAL EXPENSES
## PAID BY PARENT ON BEHALF OF MINOR CHILD

I, Kristina Ensbury, am the custodial parent of Jacob E. Wakeman, a minor whose year of birth is 2001, and I hereby consent to be the guardian ad litem for Jacob E. Wakeman. As guardian ad litem for Jacob E. Wakeman, I will maintain a cause of action for the recovery of damages to him caused by the wrongful conduct of Cainen Gaige, Justin Gaige, and Andreua Knight. Said damages arise out of the injuries Jacob E. Wakeman sustained on December 09, 2017, when he was shot through the neck while at the home of Cainen Gaige, Justin Gaige, and Andreua Knight. Said damages shall be all those that are deemed just and that should reasonably and fairly be compensated to Jacob E. Wakeman for his injuries. Damages shall include, but not be limited to, compensations for doctors, hospitals or other care facilities, physical therapists, and any and all other care givers or other general medical expenses relating to the care of his injuries as caused during the incident due to the wrongful conduct of Cainen Gaige, Justin Gaige and Andreua Knight.

_____  11/28/18
Kristina Ensbury               Date

STATE OF OREGON    )
                   ) ss.
County of Wasco    )

On the 28 day of November, 2018, KRISTINA ENSBURY personally appeared and acknowledged the foregoing instrument to be her voluntary act and deed.

_____
NOTARY PUBLIC FOR OREGON
My Commission Expires: 06/21/2020

OFFICIAL STAMP
PAMELA MARIE RIISE
NOTARY PUBLIC-OREGON
COMMISSION NO. 951726
MY COMMISSION EXPIRES JUNE 21, 2020

EXHIBIT 1
Page 1